Joseph A. Gavagah, J.
The petitioner has instituted separate proceedings under article 78 of the Civil Practice Act, respectively, against the Evergreens Cemetery (motion No. Ill of Jan. 9, 1962), the Greenwood Cemetery (motion No. 112 of Jan. 9, 1962, and the Lutheran Cemetery (motion No. 113 of Jan. 9, 1962). In each proceeding the petitioner seeks an order enjoining the respondent from closing its cemetery grounds for interment on Saturdays and from changing its manner of operation of its cemetery and its rules and regulations, without the prior written consent of the petitioner. The applications for leave to appear in this proceeding amicus curice, were granted upon argument of the motions. Presumably, the petitioner seeks to enjoin an alleged violation of its order and it is doubtful whether a summary proceeding under article 78 of the Civil Practice Act will lie to obtain such result. Apart therefrom, petitioner has failed to show any merit to its claim of right to any relief against any of the respondents. It is doubtful whether the grievance in each instance is the subject of a regulation which attains the status of an order upon the petitioner’s approval thereof. Even if the subject provision made by each respondent in relation to the time when interments are permissible is considered to be a regulation, it does not appear that such regulation requires interment on Saturdays and, therefore, the approval of such regulation by the petitioner does not involve an approval of a regulation which does so provide. Whether the notice given by each respondent that no interment will be made on Saturdays, except in situations regarded to be of emergent character, requires explicit approval by the petitioner may be judged at least in part by petitioner’s past actions. In one instance, an application for increase in charge was made, and it was made to appear from such application that the requested increased charges were based upon a five-day week and such application was approved. It further appears that in the year 1950, discontinuance of burials made on Saturday afternoon met with no objection. It further appears that in the mid-thirties, interments were reduced from seven days to six days. It is also significant that considerably more than 50% of all interments are in the cemeteries not in the petitioner’s *62 jurisdiction and in most, if not all of such cemeteries not under petitioner’s jurisdiction, interment on Saturdays has been discontinued.
In final analysis, the rules and regulations of the respondents' are not so explicit as to be regarded by virtue of petitioner’s approval of them as an order which could serve as basis of an application charging violation thereof, even assuming that it was the legislative purpose that this detail of management requires petitioner’s approval. In addition, under the Membership Corporations Law the rules and regulations could be amended by the petitioner, whereupon the respondents would have had the opportunity for judicial review. Since the regulations do not explicitly command in any instance that the cemetery be open on Saturdays for interment, there can be no claimed violation. It may be noted that the present situation was foreseeable months ago when new labor management agreements were reached, that curtailment was contemplated rather than increase of charges based upon overtime labor charges and nothing was done to put in explicit language what petitioner contends the so-called regulations purport to say. The motion is in each instance denied.